UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN BURTON,

                Plaintiff,

   vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;
DIRECTOR, CDCR; MIKE EVANS,
Warden; Lieutenant KRENKE; Sergeants
RAMIREZ, BRUNCATO, and O'KENNO;
Correctional Officers CORRASCO,
SILVA, CONTRERAS, PHILMON,
WILSON, HORRENCE, PEREZ,
GARCIA, GRAYWALD, and
GOODHUME; MTAs CAUNTAY,
GARCIA, ZIEGLER, AND MOSS; and
DOES 1-50,

                Defendants.
                        /

No. C 07-4967 PJH (PR)

**ORDER OF SERVICE**

**United States District Court**
For the Northern District of California

      Plaintiff, a prisoner at the San Diego Central Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

      Venue is proper in this district because the complaint involves events at Salinas Valley State prison, which is in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

**United States District Court**
For the Northern District of California

1  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

2  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

3  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

5  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

6  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

7  grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

8  omitted).  Although in order to state a claim a complaint "does not need detailed factual

9  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

10  requires more than labels and conclusions, and a formulaic recitation of the elements of a

11  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

12  above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

13  (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief

14  that is plausible on its face."  *Id.* at 1986-87.

15         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

16  elements:  (1) that a right secured by the Constitution or laws of the United States was

17  violated, and (2) that the alleged deprivation was committed by a person acting under the

18  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.     Legal Claims**

20         Because plaintiff refused to be housed with a cellmate, he was placed in a "holding

21  cage."  He says that the cage is four feet long by two feet wide and is eight feet high.  It is

22  constructed out of metal honeycomb, so the occupant is always visible.  The cage has

23  neither overhead light nor sanitary facilities. Because of the size of the cage, plaintiff

24  alleges it was not possible to sit or lie down.  He was allowed only boxer shorts and socks

25  for clothing, but a guard who is not a defendant gave him a sheet to wrap about himself on

26  the first night.  When he was put into the cage there was milk carton with urine in it in the

27  cage and the sides were caked with feces.  A guard removed the carton but nothing was

28  done about the feces.  He was allowed out briefly twice a day to go to the bathroom, but

1  was not allowed to clean himself or exercise.

2      Plaintiff was kept in the cage for eight days and seven nights. He filled out sick-call

3  slips at least twice because his legs were swelling and he was having back trouble. No

4  medical care was provided. He suffered cramps in his legs and back. By the end of his

5  confinement he was unable to sleep because of the pain and was hallucinating.

6      Plaintiff has pleaded nine causes of action; the first two are federal Eighth

7  Amendment claims, the others are state-law claims. The first through seventh causes of

8  action are against "all defendants." The eighth claim, headed "Negligent Training or

9  Supervision," is against the CDCR, the director of the CDCR, and Warden Evans. The

10  ninth claim, headed "respondeat superior," is against the CDCR.

11     Plaintiff alleges that all of the defendants except the CDCR, the director of the

12  CDCR, and Warden Evans were directly aware of his situation. The federal and state law

13  claims against defendants other than the CDCR, the director, and Evans contain

14  allegations sufficient to require a response from them.

15     The Eleventh Amendment prevents the CDCR, which is a state agency, from being

16  sued in federal court. *See Simmons v. Sacramento County Superior Court*, 318 F.3d

17  1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its

18  employees); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult

19  Authority and California Department of Corrections not persons within meaning of Civil

20  Rights Act); *see also Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 541-

21  42 (2002) (Eleventh Amendment bar includes state law claims brought against a state in

22  federal court under the supplemental jurisdiction statute, 28 U.S.C. § 1367). All claims

23  against the CDCR – state and federal – will be dismissed.

24     The claims which include as a defendant the "Director, CDCR," claims one through

25  eight, are essentially John Doe claims. Because plaintiff requests only damages,

26  substitution of the current director would not be appropriate. No further action will be taken

27  on the claims against the director or the John Doe claims, but plaintiff should amend to add

28  these defendants' true names if he learns them.

3

**United States District Court**
For the Northern District of California

1    Plaintiff has not provided any factual allegations which would support the warden's

2   liability on the first through seventh claims.  As to the eighth claim, negligent training or

3   supervision, plaintiff contends that Evans knew there was a lack of training or supervision

4   that led to his confinement in the cage for a week.  This is sufficient to require a response

5   from Evans.

6                                        **CONCLUSION**

7        1.  For the foregoing reasons, all claims against defendant CDCR are **DISMISSED**

8   with prejudice.  Claims one through seven against Warden Evans are **DISMISSED** without

9   prejudice.

10       2.  The clerk shall issue summons and the United States Marshal shall serve,

11  without prepayment of fees, copies of the complaint with attachments and copies of this

12  order on the following defendants:  Mike Evans, Warden; Lieutenant Krenke; Sergeants

13  Ramirez, Bruncato, and O'Kenno; Correctional Officers Corrasco, Silva, Contreras,

14  Philmon, Wilson, Horrence, Perez, Garcia, Graywald, and Goodhume; and MTAs Cauntay,

15  Garcia, Ziegler, and Moss.

16       3.  In order to expedite the resolution of this case, the court orders as follows:

17           a.  No later than sixty days from the date of service, defendants shall file a

18  motion for summary judgment or other dispositive motion.  The motion shall be supported

19  by adequate factual documentation and shall conform in all respects to Federal Rule of

20  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

21  from the events at issue.  If defendants are of the opinion that this case cannot be resolved

22  by summary judgment, they shall so inform the court prior to the date their summary

23  judgment motion is due.  All papers filed with the court shall be promptly served on the

24  plaintiff.

25           b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

26  court and served upon defendants no later than thirty days from the date the motion was

27  served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

28  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

**United States District Court**
For the Northern District of California

1   1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

2        If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

3   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

4   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

5   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

6   Cir. 2003).

7            c.  If defendants wish to file a reply brief, they shall do so no later than fifteen

8   days after the opposition is served upon them.

9            d.  The motion shall be deemed submitted as of the date the reply brief is

10  due.  No hearing will be held on the motion unless the court so orders at a later date.

11       4. All communications by plaintiff with the court must be served on defendants, or

12  defendants' counsel once counsel has been designated, by mailing a true copy of the

13  document to defendants or defendants' counsel.

14       5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

15  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

16  parties may conduct discovery.

17       6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

18  informed of any change of address by filing a separate paper with the clerk headed "Notice

19  of Change of Address."  He also must comply with the court's orders in a timely fashion.

20  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

21  Federal Rule of Civil Procedure 41(b).

22       **IT IS SO ORDERED.**

23  Dated:  June 6, 2008.

            PHYLLIS J. HAMILTON
            United States District Judge

28  G:\PRO-SE\PJH\CR.07\BURTON4967.SERVE.wpd

5

**United States District Court**

For the Northern District of California

1

## NOTICE -- WARNING  (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING  (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.