1  KEVIN [illegible] [illegible]
2
3
4
5
6
7                             UNITED STATES DISTRICT COURT
8  DEFENDANT                      DISTRICT OF CALIFORNIA
9  CALIFORNIA DEPT. [illegible]
10 OF CORRECTIONS [illegible]                              CV-07-4967 PJH
11
12
13
14
15
16
17
18
19
20 TO THE [illegible]
21 [illegible] THE ABOVE ENTITLED COURT, IN THE ABOVE ENTITLED CAUSE OF ACTION, PLAINTIFF
22 [illegible] FOR APPOINTMENT OF COUNSEL TO [illegible]
23 PLAINTIFF AT STATE EXPENSE, DURING the Pendency OF THIS CASE, AND REQUEST
24
25 The Motion [illegible]
26 and any [illegible]
27 of this Motion [illegible]
28 1) [illegible]

FILED
08 JUL 24 PM 3:19
[illegible stamp]

1. 
2. 2). Plaintiff has been housed in administrative segregation [illegible] with litigation action p[illegible]
3. 
4. 3). Plaintiff has r[illegible]
5. to and Initiate Discovery, [illegible] to no avail, [illegible]
6. of (A)(1) and [illegible]
7. , 7-16-2008. In violation of [illegible] due process, and right to
8. Access the courts [illegible] CA. Code of Regulations (CCR) prison [illegible]
9. procedure, see [illegible]; and also [illegible]
10. 4). Plaintiff has petitioned this court [illegible]
11.    Legal Librarian, and Legal offices [illegible]
12. [illegible]
13. Court [illegible] Granting [illegible]
14. [illegible]
15. [illegible] Including [illegible]
16.    Associate Warden McBride, et [illegible]
17. [illegible]
18. [illegible]
19. failure to comply [illegible]
20. 
21. 
22. 
23. Plaintiff [illegible]
24. concerning [illegible]
25. 
26. 
27. 
28. And to a [illegible]

1  And proceedings. Also ...
2  ... regulations ...
3  Title ... sections 3116(A) which ...
4  Not in any way relates ... inmate
5  for Initiating a lawsuit
6  The citizens ...
7  At this moment, to exhaust administrative remedies
8  for the deliberate Indifference by state ...
9  6) Prison off... have ...
10  deprive ...
11  to ...
12  ... Access to prison law library ... Mitchel v ...
13  767 F. 2d. 1443, 1447 (9th Cir. 1985) ...
14  violated by denial of legal assistance, and ... library access
15  ; Alston v. DeBruyn is ...
16  ...
17  ...
18  ...
19  ...
20  ... Walters v. Thompson, 615
21  F. supp. 330, 340, (N.D. Ill 1985), inmates ... have no access
22  to a law library ...
23  ... of Briefs in
24  time for court ... 
25  ... Access to courts claim, CA code of regulations,
26  title 15, section 3122(a); ...
27  ...
28  ... § 7, 11,

3

1  And 17.
2  It is plaintiffs belief that he has a constitutional right to
3  access to the courts and relief on Dent v. West Virginia, 129 U.S.
4  114, 32 L.Ed. 623, 9 S.Ct. ___, "Due process of law is intended
5  to serve citizens against arbitrary deprivation by the government of
6  rights relating to life, liberty or property." Ex Parte ___
7  ___, 85 L.Ed. 1034, ___ S.Ct. ___ (1941) "Prisoners have a fundamental
8  right to adequate, effective, and meaningful access to the courts
9  to challenge violations of their constitutional rights." Madrid v.
10 Gomez, 150 F.3d 1030 (9th Cir. ___),
11 ___ courts, not only to challenge ___
12 ___ also to ___ ___ Phillips, 164 F.
13 3d 313, "Prisoners clearly have a ___ constitutional ___
14 to access to the courts and interference ___
15 access to the courts ___
16 deprivation."

17 7).
18 For the above reasons, Plaintiff ___
19 ___ state ___ represent him during the ___
20 Plaintiff submits that he is ___
21 of the agents of the ___ Department of Corrections after filing this
22 this civil action for ___ against ___
23 Department ___

24 8). Plaintiff further believes that without a preliminary injunction
25 from the court, to prohibit the continued unconstitutional ___
26 inflicted by K.J. universal prison officials, ___
27 Plaintiff will ___

4

1  continue to violate the rights of plaintiff, plaintiff will likely
2  suffer Irreparable harm, If the Court does not issue a preliminary
3  Injunction, The Threat of harm, that plaintiff faces, outweighs
4  any harm that the preliminary Injunction will cause prison
5  officials. A preliminary Injunction will serve as to not prejudice
6  Plaintiff and the outcome of these procedures and proceedings.
7  <u>Felix v. McCarthy</u>, 939 F.2d 649, (9th Cir. 1991) "It is not
8  the degree of Injury which makes out a violation of the 8th
9  Amendment, Rather it is the use of officialdom or authority
10  that is Intentional, unjustified, brutal, and offensive to
11  human dignity."

17  Dated: July 16, 2008.

Wherefore, with good cause having been shown:

It is so ordered:

The Warden of R.J. Donovan Correctional Facility is ordered to comply with all court orders, while plaintiff is in state custody. And allow plaintiff access to law library, or provide plaintiff with a skilled trained legal assistance, at state expense, during the pendency of this litigation.

It is further ordered, that a preliminary injunction be issued to the California Department of Corrections, to prevent all and any further undue violation of plaintiff's civil rights by agents of the CDCR, in this cause of action, during the pendency of this litigation.

IT IS SO ORDERED

Dated: _____

United States District [Court/Judge]

VERIFICATION

1. I am...

2. I have...

I declare...

Kevin Ka...
Kevin Gr...

7

# Exhibit
_____

HISTORY:
1. Repealer and new section filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).

### Article 6.   Legal Documents

**3160. Inmate Access to Courts.**

(a) Inmate access to courts shall not be obstructed. Staff shall assist illiterate inmates or those physically incapable of preparing forms adopted under rules of the United States courts and the Judicial Council of California for petitions for habeas corpus or modification of custody if such an inmate requests assistance. Staff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit.

(b) In addition to any other court costs, filing fees, or procedures, an inmate initiating a state civil action shall pay a three-dollar ($3) filing fee to the Department.

(1) Civil actions are defined as any non-criminal actions. For the purposes of this regulation, habeas corpus actions are not considered civil actions.

(2) The filing fee shall be charged against the inmate's trust account.

(3) If the inmate is without sufficient funds at the time of the charge, the civil action shall be allowed to be transmitted to the courts, and the inmate shall not be charged for any remaining balance of the filing fee.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 5054 and 2601, Penal Code.

HISTORY:
1. Amendment of section heading and text and new Note filed 10-19-93; operative 11-18-93 (Register 93, No. 43).
2. Newly designated subsection (a), new subsections (b)–(b)(2) and amendment of Note filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
3. Reinstatement of section as it existed prior to emergency amendment filed 7-25-95 by operation of Government Code section 11346.1(f) (Register 95, No. 30).
4. New emergency amendment filed 7-25-95; operative 7-25-95 (Register 95, No. 30). A Certificate of Compliance must be transmitted to OAL by 11-22-95 or emergency language will be repealed by operation of law on the following day.
5. Certificate of Compliance as to 7-25-95 order transmitted to OAL 9-7-95 and filed 10-16-95 (Register 95, No. 42).

**3161. Inmate-Owned Legal Materials.**

Inmate-owned legal materials/documents, law books and papers shall be limited to the availability of space authorized by section 3190(b) for personal property in the inmate's quarters/living area except as specified in this section. Inmates may possess up to one cubic foot of legal materials/documents related to their active cases, in excess of the six cubic feet of allowable property in their assigned quarters/living area. Legal materials/documents, law books and papers in excess of this limitation shall be disposed of pursuant to section 3191(c). Inmates may request the institution/facility store excess legal materials/documents related to their active cases(s) when such materials/documents exceed this one cubic foot additional allowance. Inmate-owned law books in excess of the additional allowance shall not be stored by the institution/facility.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:
1. Amendment of section heading and text and new Note filed 10-19-93; operative 11-18-93 (Register 93, No. 43).

ister 82, No. 41).

**3164. Administrative Segregation.**

(a) Inmates confined in administrative segregation for any reasons will not be limited in their access to the courts.

(b) During a period of disciplinary detention, as described in Section 3330, legal resources may be limited to pencil and paper which will be provided upon request for correspondence with an attorney or the preparation of legal documents for the courts. Other legal material in the inmate's personal property may be issued to an inmate in disciplinary detention if litigation was in progress before the inmate's placement in disciplinary detention and legal due dates are imminent.

(c) Inmates who are housed in any restricted unit and who are not serving a period of disciplinary detention may possess and have access to any legal resource material available to the general population and may assist each other in their legal work to the extent compatible with institution security. For the purpose of this subsection, restricted units include reception centers, institution reception or orientation units, controlled housing and security housing units.

(d) If an inmate's housing restricts him or her from going to the inmate law library, arrangements will be made to deliver requested and available law library material to the inmate's quarters.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendment filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).