Sent out U.P 9/5/08

1  KEVIN BURTON
2  #C 38062
3  R.J. DONOVAN STATE PRISON
4  P.O. BOX 799007
   SAN DIEGO, CA 92179

RECEIVED

08 SEP -5  AM 10: 48

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6            United STATES DISTRICT COURT
7              NORTHERN District of CALIFORNIA

9  KEVIN BURTON
10  PLAINTIFF                         CASE NO: C07-4967 PJH (PR)
11  VS.                               REQUEST TO COURT CLERK
12  California Department of           for Local Rules of Court
13  Corrections, et al.,               And Legal forms.
14  Defendants

17      COMES NOW Plaintiff, KEVIN BURTON IN Pro Se, Respectfully
18  REQUEST THE CLERK of the court provide plaintiff with, Local
19  Rules of Court for the Northern District of California, that
20  Plaintiff MAY Abibe by, And follow such rules. Plaintiff Also
21  request the clerk of the court to provide plaintiff with the
22  following legal terms if AVAILABLE. Plaintiff Asserts, that the
23  prison library will not And have not, (on request by plaintiff)
24  provide plaintiff with Above Rules And forms Requested, because
25  Plaintiff Is Indigent. By order of this court, It Is plaintiff responc-
26  ibility To prosecute this case pursuant To federal Rule of Civil
27  Procedure 41(b).
                                      Respectfully submitted
28    DATED: AUGUST 31, 2008
                                      Kevin Burton

1  Plaintiff Request for the following Legal forms:
2         (In Triplet)
3  1) Motion for Leave to file an Amended Complaint.
4
5  2) Declaration for Entry of Default.
6  3) Motion for Judgment by Default.
7
8  4) Declaration(s) forms.
9  5) Motion for Reconsideration from the Court.
10 6) Motion asking the Court to order the defendants to reply.
11
12 7) Motion for Extension of Time.
13 8) Memorandum In Opposition to defendants Motion.
14 9) Motion for Continuance.
15 10) Motion to alter or Amend the Judgment.
16
17 11) Notice of Appeal to U.S. Court of Appeals (9th circuit)
18 12) In Forma pauperis form, for U.S. Court of Appeals (9th cir.)
19 13) Motion for order Compelling Discovery.
20 14) Motion to Dismiss.
21
22 Dated: August 31, 2008
23
24
25 By: Kevin Burton
26     Kevin Burton
27     # C-38062
28     R.J.D Prison
       San Diego, CA 92179

JUN 0 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



KEVIN BURTON,

               Plaintiff,

  vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;
DIRECTOR, CDCR; MIKE EVANS,
Warden; Lieutenant KRENKE; Sergeants
RAMIREZ, BRUNCATO, and O'KENNO;
Correctional Officers CORRASCO,
SILVA, CONTRERAS, PHILMON,
WILSON, HORRENCE, PEREZ,
GARCIA, GRAYWALD, and
GOODHUME; MTAs CAUNTAY,
GARCIA, ZIEGLER, AND MOSS; and
DOES 1-50,

               Defendants.

No. C 07-4967 PJH (PR)

**ORDER OF SERVICE**

Plaintiff, a prisoner at the San Diego Central Jail, has filed a pro se civil rights

complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma

pauperis.

Venue is proper in this district because the complaint involves events at Salinas

Valley State prison, which is in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

### A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

1  may be granted, or seek monetary relief from a defendant who is immune from such relief.
2  *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica*
3  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
5  the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;
6  the statement need only "'give the defendant fair notice of what the . . . . claim is and the
7  grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations
8  omitted). Although in order to state a claim a complaint "does not need detailed factual
9  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'
10  requires more than labels and conclusions, and a formulaic recitation of the elements of a
11  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief
12  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65
13  (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief
14  that is plausible on its face." *Id.* at 1986-87.

15           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
16  elements: (1) that a right secured by the Constitution or laws of the United States was
17  violated, and (2) that the alleged deprivation was committed by a person acting under the
18  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.  Legal Claims**

20           Because plaintiff refused to be housed with a cellmate, he was placed in a "holding
21  cage." He says that the cage is four feet long by two feet wide and is eight feet high. It is
22  constructed out of metal honeycomb, so the occupant is always visible. The cage has
23  neither overhead light nor sanitary facilities. Because of the size of the cage, plaintiff
24  alleges it was not possible to sit or lie down. He was allowed only boxer shorts and socks
25  for clothing, but a guard who is not a defendant gave him a sheet to wrap about himself on
26  the first night. When he was put into the cage there was milk carton with urine in it in the
27  cage and the sides were caked with feces. A guard removed the carton but nothing was
28  done about the feces. He was allowed out briefly twice a day to go to the bathroom, but

United States District Court
For the Northern District of California

1 │ was not allowed to clean himself or exercise.

2 │     Plaintiff was kept in the cage for eight days and seven nights. He filled out sick-call
3 │ slips at least twice because his legs were swelling and he was having back trouble. No
4 │ medical care was provided. He suffered cramps in his legs and back. By the end of his
5 │ confinement he was unable to sleep because of the pain and was hallucinating.

6 │     Plaintiff has pleaded nine causes of action; the first two are federal Eighth
7 │ Amendment claims, the others are state-law claims. The first through seventh causes of
8 │ action are against "all defendants." The eighth claim, headed "Negligent Training or
9 │ Supervision," is against the CDCR, the director of the CDCR, and Warden Evans. The
10 │ ninth claim, headed "respondeat superior," is against the CDCR.

11 │     Plaintiff alleges that all of the defendants except the CDCR, the director of the
12 │ CDCR, and Warden Evans were directly aware of his situation. The federal and state law
13 │ claims against defendants other than the CDCR, the director, and Evans contain
14 │ allegations sufficient to require a response from them.

15 │     The Eleventh Amendment prevents the CDCR, which is a state agency, from being
16 │ sued in federal court. *See Simmons v. Sacramento County Superior Court*, 318 F.3d
17 │ 1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its
18 │ employees); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult
19 │ Authority and California Department of Corrections not persons within meaning of Civil
20 │ Rights Act); *see also Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 541-
21 │ 42 (2002) (Eleventh Amendment bar includes state law claims brought against a state in
22 │ federal court under the supplemental jurisdiction statute, 28 U.S.C. § 1367). All claims
23 │ against the CDCR – state and federal – will be dismissed.

24 │     The claims which include as a defendant the "Director, CDCR," claims one through
25 │ eight, are essentially John Doe claims. Because plaintiff requests only damages,
26 │ substitution of the current director would not be appropriate. No further action will be taken
27 │ on the claims against the director or the John Doe claims, but plaintiff should amend to add
28 │ these defendants' true names if he learns them.

United States District Court
For the Northern District of California

3

1    Plaintiff has not provided any factual allegations which would support the warden's

2  liability on the first through seventh claims. As to the eighth claim, negligent training or

3  supervision, plaintiff contends that Evans knew there was a lack of training or supervision

4  that led to his confinement in the cage for a week. This is sufficient to require a response

5  from Evans.

6                                          **CONCLUSION**

7    1. For the foregoing reasons, all claims against defendant CDCR are **DISMISSED**

8  with prejudice. Claims one through seven against Warden Evans are **DISMISSED** without

9  prejudice.

10    2. The clerk shall issue summons and the United States Marshal shall serve,

11  without prepayment of fees, copies of the complaint with attachments and copies of this

12  order on the following defendants: Mike Evans, Warden; Lieutenant Krenke; Sergeants

13  Ramirez, Bruncato, and O'Kenno; Correctional Officers Corrasco, Silva, Contreras,

14  Philmon, Wilson, Horrence, Perez, Garcia, Graywald, and Goodhume; and MTAs Cauntay,

15  Garcia, Ziegler, and Moss.

16    3. In order to expedite the resolution of this case, the court orders as follows:

17    a. No later than sixty days from the date of service, defendants shall file a

18  motion for summary judgment or other dispositive motion. The motion shall be supported

19  by adequate factual documentation and shall conform in all respects to Federal Rule of

20  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

21  from the events at issue. If defendants are of the opinion that this case cannot be resolved

22  by summary judgment, they shall so inform the court prior to the date their summary

23  judgment motion is due. All papers filed with the court shall be promptly served on the

24  plaintiff.

25    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

26  court and served upon defendants no later than thirty days from the date the motion was

27  served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING,"

28  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

United States District Court

For the Northern District of California

4

1  1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

2      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

3  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

4  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

5  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

6  Cir. 2003).

7           c.  If defendants wish to file a reply brief, they shall do so no later than fifteen

8  days after the opposition is served upon them.

9           d.  The motion shall be deemed submitted as of the date the reply brief is

10  due.  No hearing will be held on the motion unless the court so orders at a later date.

11      4.  All communications by plaintiff with the court must be served on defendants, or

12  defendants' counsel once counsel has been designated, by mailing a true copy of the

13  document to defendants or defendants' counsel.

14      5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

15  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

16  parties may conduct discovery.

17      6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

18  informed of any change of address by filing a separate paper with the clerk headed "Notice

19  of Change of Address."  He also must comply with the court's orders in a timely fashion.

20  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

21  Federal Rule of Civil Procedure 41(b).

22      **IT IS SO ORDERED.**

23  Dated: June  6  , 2008.                    _____

24                                             PHYLLIS J. HAMILTON
                                               United States District Judge

25

26

27

28  G:\PRO-SE\PJH\CR.07\BURTON4967.SERVE.wpd

5

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

KEVIN BURTON,

      Plaintiff,

  v.

CALIFORNIA DEPT OF CORRECTIONS et al,

      Defendant.

_____/

Case Number: CV07-04967 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Burton C-38062
R.J. Donovan State Prison
P.O. Box 779007
San Diego, CA 92179

Dated: June 6, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

### ( C.C.P. SEC. 446 & 2015.5 ; 28 U.S.C. SEC. 1746 )

I, KEVIN BURTON          DECLARE UNDER THE PENALTY OF PERJURY
THAT : I AM THE Declarant/Prisoner          IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE , EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS , I BELIEVE THEM TO BE TRUE.

EXECUTED THIS    1st       DAY OF   September, 2008 AT R.J.D.
STATE PRISON, 480 Alta Road, San Diego,   CA 92179

(SIGNATURE)    Kevin Burton
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

### (C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I, Lennie Thomas          , AM A RESIDENT OF  R.J.D.  STATE PRISON, IN THE COUNTY
OF S.D.     STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM I AM
NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS:  P.O. BOX 799007
SAN Diego, CA

ON  SepT 1, 2008     , I SERVED THE FOREGOING:

Request for Federal Rules of Civil Procedures, And Court Forms

**(SET FORTH EXACT TITLE OF DOCUMENT IS SERVED)**
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE
(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO
PROVIDED AT Richad J. Donovan Correctional Facility

Addressed As follows:

U.S. District Court
Northern District of California
Office of the Clerk
450 Golden Gate Ave.
San Francisco, CA 94102

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO
ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: September 1 2008    Kevin Burton
(DECLARANT/PRISONER)

KEVIN BURTON
C-38062
J. DONOVAN STATE PRISON
P.O. BOX 799002
SAN DIEGO, CA
92179

8-12-4

Confidential
Legal Mail

STATE PRISON



Hasler

016H26519013
$00.590
Mailed From 92179
09/02/2008
US POSTAGE

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
450 GOLDEN GATE AVE.
SAN FRANCISCO

